# WATERMAN STEAMSHIP CORP. *v.* DUGAN & McNAMARA, INC.

No. 35. Argued October 20, 1960.—Decided November 21, 1960.

*Thomas F. Mount* argued the cause for petitioner. With him on the brief were *George M. Brodhead* and *J. Welles Henderson.*

*George E. Beechwood* argued the cause for respondent. With him on the brief were *J. Paul Erwin, Jr.* and *John V. Lovitt.*

*Solicitor General Rankin, Assistant Attorney General Doub* and *Alan S. Rosenthal* filed a brief for the United States, as *amicus curiae,* urging reversal.

MR. JUSTICE STEWART delivered the opinion of the Court.

The petitioner is the owner of the vessel S. S. *Afoundria.* The respondent is a stevedoring company. A longshoreman employed by the respondent was injured aboard the

*Afoundria* while engaged with other employees of the respondent in unloading the ship at the port of Philadelphia. The cargo consisted of bagged sugar. The longshoreman was working in the hold, and his injuries resulted from the collapse of a vertical column of hundred-pound bags which the unloading operations had left without lateral support.

He sued the petitioner in the District Court for the Eastern District of Pennsylvania to recover for his injuries. The petitioner settled the claim and, by way of a third-party complaint, sought to recover from the respondent the amount paid in satisfaction of the long-shoreman's claim. The third-party complaint alleged that improper stowage of the cargo [1] had created an unseaworthy condition in the ship's hold which had imposed absolute liability upon the petitioner as shipowner for the longshoreman's injuries, but that "the direct, proximate, active and substantial cause of the accident" had been the negligence of the respondent, who, by "failing to perform the contracted stevedoring services in a safe, proper, customary, careful and workmanlike manner," had brought the existing unseaworthy condition into play.

As an affirmative defense the respondent stevedore alleged that there had been no direct contractual relationship between it and the petitioner covering the stevedoring services rendered the *Afoundria* in Philadelphia. At the trial the parties stipulated that this allegation was correct, it appearing that the consignee of the cargo, not the petitioner, had actually engaged the respondent to unload the ship. The District Court directed a verdict for the respondent, holding that a shipowner has no right of indemnity against a stevedore under the circumstances alleged in the absence of a direct contractual relationship

---

[1] The cargo had been loaded in the Philippines several weeks earlier by a stevedore unrelated to the parties to the present proceeding.

between them. The Court of Appeals for the Third Circuit affirmed in an *en banc* decision, three judges dissenting.[2] Certiorari was granted to consider whether in a situation such as this the absence of a contractual relationship between the parties is fatal to the indemnity claim. 362 U. S. 926.

In *Ryan Co.* v. *Pan-Atlantic Corp.*, 350 U. S. 124, it was established that a stevedoring contractor who enters into a service agreement with a shipowner is liable to indemnify the owner for damages sustained as a result of the stevedore's breach of his warranty to perform the obligations of the contract with reasonable safety. This warranty of workmanlike service extends to the handling of cargo, as in *Ryan*, as well as to the use of equipment incidental to cargo handling, as in *Weyerhaeuser S. S. Co.* v. *Nacirema Co.*, 355 U. S. 563. The warranty may be breached when the stevedore's negligence does no more than call into play the vessel's unseaworthiness. *Crumady* v. *The J. H. Fisser*, 358 U. S. 423, 429. The factual allegations of the third-party complaint in the present case comprehend the latter situation.

In the *Ryan* and *Weyerhaeuser* cases considerable emphasis was placed upon the direct contractual relationship between the shipowner and the stevedore. If those decisions stood alone, it might well be thought an open question whether such contractual privity is essential to support the stevedore's duty to indemnify. But the fact is that this bridge was crossed in the *Crumady* case. There we explicitly held that the stevedore's assumption of responsibility for the shipowner's damages resulting from unsafe and improper performance of the stevedoring services was unaffected by the fact that the shipowner was not the party who had hired the stevedore. That case was decided upon the factual premises that the stevedore

---

[2] 272 F. 2d 823 (on rehearing).

had been engaged not by the shipowner, but by the party operating the ship under a charter. The Court's language was unambiguous:

> "We think this case is governed by the principle announced in the *Ryan* case. The warranty which a stevedore owes when he goes aboard a vessel to perform services is plainly for the benefit of the vessel whether the vessel's owners are parties to the contract or not. That is enough to bring the vessel into the zone of modern law that recognizes rights in third-party beneficiaries. Restatement, Law of Contracts, § 133. Moreover, as we said in the *Ryan* case, 'competency and safety of stowage are inescapable elements of the service undertaken.' 350 U. S., at 133. They are part of the stevedore's 'warranty of workmanlike service that is comparable to a manufacturer's warranty of the soundness of its manufactured product.' *Id.*, at 133–134. See *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 111 N. E. 1050.

> "We conclude that since the negligence of the stevedores, which brought the unseaworthiness of the vessel into play, amounted to a breach of the warranty of workmanlike service, the vessel may recover over." 358 U. S. 428–429.

This reasoning is applicable here. We can perceive no difference in principle, so far as the stevedore's duty to indemnify the shipowner is concerned, whether the stevedore is engaged by an operator to whom the owner has chartered the vessel or by the consignee of the cargo. Nor can there be any significant distinction in this respect whether the longshoreman's original claim was asserted in an *in rem* or an *in personam* proceeding. In the *Ryan* and *Weyerhaeuser* cases *in personam* liability was asserted. In the *Crumady* case the injured stevedore had brought an *in rem* proceeding. The ship and its owner

are equally liable for a breach by the contractor of the owner's nondelegable duty to provide a seaworthy vessel. *The Osceola,* 189 U. S. 158, 175.; cf. *Continental Grain Co.* v. *Barge FBL–585,* 364 U. S. 19. The owner, no less than the ship, is the beneficiary of the stevedore's warranty of workmanlike service.

Accordingly the judgment of the Court of Appeals is reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*Reversed and remanded.*