B. A. RAWLINSON, Plaintiff,

v.

KONINKLYKE NEDERLANDSCHE STOOMBOOT MAALSCHAPPY, N. V., & ROYAL NETHERLANDS STEAMSHIP COMPANY, Defendant-Third-Party Plaintiff,

v.

STRACHAN SHIPPING COMPANY, Third-Party Defendant.

Civ. A. No. 11954.

United States District Court
S. D. Texas,
Houston Division.

June 26, 1961.

Mandell & Wright, Arthur J. Mandell, Houston, Tex., for plaintiff.

Eastham, Watson, Dale & Forney, J. P. Forney, Houston, Tex., for defendant-third-party plaintiff.

Royston, Rayzor & Cook, E. D. Vickery, Houston, Tex., for third-party defendant.

INGRAHAM, Judge.

In this action by an injured Texas longshoreman against a vessel owner the vessel owner has settled the claim of the longshoreman; vessel owner now seeks indemnity from longshoreman's employer, a stevedoring company. The stevedoring company has moved for summary judgment on the ground that it has discharged all liability arising out of the accident by full compliance with the Texas Workmen's Compensation laws and the receipt of agreed benefits thereunder by the longshoreman. The case presents rather novel legal problems which have proved difficult of resolution.

Plaintiff Rawlinson is an employee of Strachan Shipping Company ("Strachan"), a stevedoring company. Strachan is the third-party defendant in this action and movant in the summary judgment phase. Royal Netherlands Steamship Company ("Royal") is the vessel owner, the defendant and third-party plaintiff.

Plaintiff was injured on July 23, 1956, on a dock in Houston, Texas, while assisting in loading Royal's ship with pipe and while in the employ of Strachan. At the time Strachan was in compliance with

the Workmen's Compensation Act of Texas (Article 8306 et seq., Vernon's Ann.Civ.St.), and its compensation carrier has compensated plaintiff in accordance with a compromise settlement entered into between the insurer and plaintiff. This settlement was approved on November 1, 1957, by the Texas Industrial Accident Board. Then Rawlinson sued Royal in state court; Royal removed to this court and filed a third-party complaint seeking indemnity from Strachan. In November 1959 Royal compromised Rawlinson's claim, leaving for determination the indemnity action. There being no dispute as to material facts Strachan moved for summary judgment under Fed.Rule Civ.Proc. 56, 28 U.S.C.A.

Positions of the opposing parties are as follows. Royal's claim is based upon the alleged breach by Strachan of its implied warranty of workmanlike service. The breach in assumed for purposes of this motion if an enforceable warranty actually exists. The warranty is said to arise from Strachan's implied promise to perform its stevedore duties properly. Royal insists its relationship with Strachan amounts to a maritime contract to be construed according to federal admiralty law. It says that under applicable facts and law, Strachan breached this contract to Royal's detriment and is obligated to make Royal whole. Royal argues this is not tort of any description but breach of contract. Recovery in this action is in no manner an indirect award to Rawlinson arising out of any tortious conduct of Strachan. There was no written contract of indemnity between Royal and Strachan.

Strachan contends recovery in this action is barred as a matter of law because it discharged its duty to Rawlinson by compliance with Texas law and its insurer's payment to Rawlinson. It is argued indemnification amounts to indirect payment to Rawlinson where no legal duty exists to pay directly. Irrespective of the implied contract of indemnity cases Strachan insists the applicable state compensation law, as construed by Texas courts, prevents Royal's recovery.[1]

Royal's position depends upon the applicability and scope of the decision of the Supreme Court in Ryan Stevedoring Co. v. Pan-Atlantic Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. In Ryan the vessel owner recovered over from the stevedore the amount of the longshoreman's judgment against it. There was no express indemnity agreement. The accident occurred aboard ship, bringing the federal workmen's compensation act (Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.) into play; the Court held, inter alia, that compliance with the federal act was no bar to the indemnity action based upon implied contract. In the latest case on the subject from that Court Mr. Justice Stewart said of Ryan and later cases in the same area:

"In Ryan [Stevedoring] Co. v. Pan-Atlantic Corp. [350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133] it was established that a stevedoring contractor who enters into a service agreement with a shipowner is liable to indemnify the owner for damages sustained as a result of the stevedore's breach of his warranty to perform the obligations of the contract with reasonable safety. This warranty of workmanlike service extends to the handling of cargo, as in Ryan, as well as to the use of equipment incidental to cargo handling, as in Weyerhaeuser S. S. Co. v. Nacirema Co., 355 U.S. 563 [78 S.Ct. 438, 2 L.Ed.2d 491]. The warranty may be breached when the

1. Sec. 3, Art. 830b, V.A.C.S.:
"The employes of a subscriber and the parents of minor employes shall have no right of action against their employer * * * for damages for personal injuries, * * * but such employes and their representatives and beneficiaries shall look for compensation solely to the association (workmen's compensation insurance carrier), as the same is hereinafter provided for."

stevedore's negligence does no more than call into play the vessel's unseaworthiness. Crumady v. The J. H. Fisser, 358 U.S. 423, 429 [79 S.Ct. 445, 3 L.Ed. 2d 413]. The factual allegations of the third-party complaint in the present case comprehend the latter situation." Waterman S. S. Corp. v. Dugan and McNamara, Inc., 1960, 364 U.S. 421, 423, 81 S.Ct. 200, 201, 5 L.Ed.2d 169.

But this statement must be viewed in light of the legal and factual background of the cases referred to when an effort is being made to determine their scope or applicability to the facts at bar.

The Longshoremen's and Harbor Workers' Compensation Act, Section 5 (33 U.S.C.A. § 905), says "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee * * *." In Ryan the Supreme Court said this provision is no bar to indemnity recovery by the vessel owner; nor is an express indemnity contract necessary. The contract is one implied in fact. Assuming applicability of Ryan, I am of the opinion its scope does not reach cases wherein state workmen's compensation laws apply.

 In Ryan and progeny the accidents or injuries were aboard ship and the federal compensation act applied. Here the injury was sustained on a dock. A fair reading of Ryan makes it clear that the Court held the federal compensation act *did* not prevent recovery on the implied contract of indemnity; they did not say that no compensation act *might*

prevent recovery, and if this were true, as Royal seems to think, one wonders why the Court bothered to say why it *did* not. This, it seems, is as it should be. The federal compensation act is of limited applicability. It applies only to injuries occurring upon navigable waters of the United States (including any drydock) and then only if workmen's compensation recovery may not validly be provided by state law. So if state laws are to provide for compensation to the injured employee, as here, it seems to me that they must also provide the employer with his side of the bargain. I do not believe the Supreme Court held in Ryan and related cases that Congress, in passing the federal compensation act to fill a gap in compensation coverage, intended at the same time to limit valid state compensation coverage in any manner. As I understand Ryan, there is an implied contract to stevedore properly, the breach of which is actionable if, and only if, the applicable compensation act does not prevent it. True, the Court's thinking as to *why* the federal act does not bar recovery could be applied as well to the Texas act with the same result, but Texas courts have not chosen to follow this thinking. Apparently convinced legislative policy so compels, Texas courts hold compliance by employer with the Texas Compensation Act terminates all liability of employer arising out of covered injuries to employees. West Texas Utilities Co. v. Renner, Tex.Civ.App. 1930, 32 S.W.2d 264, Tex.Comm.App. 1932, 53 S.W.2d 451; Westfall v. Lorenzo Gin Co., Tex.Civ.App.1956, 287 S.W. 2d 551, no writ history; McCormick v. United States, D.C.S.D.Tex.1955, 134 F.Supp. 243.[2]

---

2. The settled law of Texas does not permit indemnity actions against subscribing employers by third parties who were found liable to covered employees. This Texas rule was first announced in West Texas Utilities v. Renner, supra. Renner, employee of Mosher, brought suit against West Texas Utilities for injuries received on the latter's premises. West Texas Utilities impleaded Mosher, seeking to recover the amount of any judg-

ment that might be rendered in favor of Renner against it. In holding the indemnity action would not lie, the Court of Civil Appeals said in 32 S.W.2d 270:

"Further, appellee's employer (Mosher) fully protected himself against his own negligence * * * by providing compensation insurance for his employees, *and could not be compelled to pay indirectly when no liability existed to pay directly.* Appellant (West Texas

In short I believe that when the federal law filled a gap in workmen's compensation coverage and allowed indemnity recovery it did not oust state law where validly in force; neither did it limit the force of this valid state law in any manner. States differ as to allowance of indemnity actions but Texas says no.

I reach this conclusion cognizant of cases from several courts which seem to disagree. Revel v. American Export Lines, D.C.E.D.Va.1958, 162 F.Supp. 279, is the only case closely in point. There indemnity was allowed the vessel owner from the government and the government from the stevedore for an injury sustained on a pier. The decision was affirmed by the Court of Appeals in American Export Lines, Inc. v. Revel, 4 Cir., 1959, 266 F.2d 82. Trial court's opinion in that case says stevedore's motion for summary judgment was denied on authority of Ryan, indicating, I believe, that the court thought Ryan prevents *any* state compensation law from protecting the stevedore. However, district court also noted an express indemnity contract between stevedore and United States. Of course, an express indemnity contract might waive protection of state compensation laws. If the court is holding that Virginia law provides no protection by its terms I do not disagree, but if it holds that it could not provide protection I think the case wrong. The appellate court restricted its discussion of the phase of the case which interests us to the statement in 266 F.2d 87–88 that "it is clear now that Export (vessel owner) may recover from Whitehall (stevedore) as a third-party beneficiary of the latter's contract with the United States." The contract spoken of was an express contract of indemnity.

Two cases from the Court of Appeals for the Second Circuit Booth Steamship Co. v. Meier & Celhaf Co., 2 Cir., 1958, 262 F.2d 310, and A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 2 Cir., 1958, 256 F.2d 227, 230, seem to agree with the district court in Revel, but their statements relate more to the general principle of applicable law and, as to our question, are dicta.

These two Second Circuit cases do bear directly on applicability of federal law to these facts. I have assumed its applicability and decided that even though applicable, it does not override Texas law and allow recovery here. The court said in Booth in 262 F.2d 312:

"In the two recent cases in which the Supreme Court announced and discussed the implied warranty of workmanlike service it evidently assumed the federal character of the law to be applied to maritime service contracts, since it did not in any way advert to state law." (citing Weyerhauser and Ryan).

The Mowinckels case seems to agree. I think the Supreme Court failed to advert to state law because the injuries were aboard ship where federal compensation law applied and state law was patently inapplicable. The Fourth Circuit has made this clear in Revel. Indemnity was allowed there, treating vessel owner as third-party beneficiary of stevedore's

---

Utilities) had no right of contribution against appellee's employer." (Emphasis supplied.)

The latest case is Westfall v. Lorenzo Gin Company, supra, Westfall and Cox, third-party plaintiffs, sought indemnity against Lorenzo Gin Company, third-party defendant employer, in connection with a suit brought against them by Henslee, employee of Lorenzo, on account of injuries sustained in an automobile accident. In holding that Westfall and Cox could not maintain an indemnity action against employer, the Court of Civil Appeals said in 287 S.W.2d 554:

"The gin company (third-party defendant) showed conclusively that it carried workmen's compensation on its employees, that Henslee (plaintiff-employee) was its employee and that its insurance carrier had paid him workmen's compensation. Since the gin company was a subscriber under the Workmen's Compensation Law, appellants (Westfall and Cox) certainly could not obtain judgment over against it for contribution or indemnity * * *" (citing West Texas Utilities v. Renner).

express contract to indemnify the government, a middleman. The court said in 266 F.2d 84:

> "Since Revel was injured while standing on the dock, (an extension of the land) his remedies are restricted to those afforded by local law (citing' many cases). This is true even though the Congress has embraced such cases within the maritime jurisdiction of the United States. Extension of Admiralty Act, 46 U.S.C.A. § 740." [3]

Further as to the Extension of Admiralty Act, 46 U.S.C.A. § 740, the district court in Revel (162 F.Supp. 283) said, and I agree:

> "To oust state compensation acts from an established and important area of coverage by reason of the passage of the Extension in Admiralty Act, which makes no reference to the field of compensation law, would create a situation in which a longshoreman, such as the plaintiff herein, would not be covered by any workmen's compensation act, state or federal, as the federal act covers only those injuries occurring 'upon the navigable waters', 33 U.S.C.A. Sec. 903(a), and it is established that injuries suffered on piers or docks (as opposed to drydocks) are not included."

See also Kent v. Shell Oil Company, 5 Cir., 1961, 286 F.2d 746, 750. It seems clear that the lower court in Revel rejected the contention of vessel owner that the Extension of Admiralty Act imported substantive maritime law into these dock cases where state compensation laws apply. The district judge was of the opinion that the substantive law is not changed; at least not to the extent that state compensation laws are affected.

3. Extension of Admiralty Act, 46 U.S.C.A. § 740:
"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable waters, notwithstanding that such damage or injury be done or consummated on land.

I agree. As pointed out above though, the lower court in Revel seems to think that in Ryan the Supreme Court held that Congress meant the Harbor Workers' Act or general maritime principles to override these state laws. I do not agree.

 I conclude that had Congress meant to cripple state workmen's compensation laws of wide application and long standing they would have said so. I do not believe Congress intended to do so by the back door. Under controlling Texas compensation cases Royal is not entitled to indemnity recovery from Strachan. Strachan's amended motion for summary judgment will be granted. The clerk will notify counsel to draft and submit appropriate order.