**Julia JOHNSON, Administratrix of the Estate of James Johnson, Deceased**
**v.**
**CIA. MARITIMA ASTRA S.A. and Transocean Steamship Agency, Inc.**
**and**
**Nacirema Operating Co., Inc.**
**No. 97 of 1960.**

United States District Court
E. D. Pennsylvania.
Nov. 21, 1961.

Milton M. Borowsky, Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for respondent.

John B. Hannum, 3rd, Philadelphia, Pa., for respondent impleaded.

LUONGO, District Judge.

Before the Court is the motion of respondents, Cia. Maritima Astra S. A. and Transocean Steamship Agency, Inc., for leave to further amend Petition to Implead the stevedoring contractor, Nacirema Operating Co., Inc.

This matter arises out of a suit instituted against respondents, ship owner, on behalf of libellant's decedent, a longshoreman employed by Nacirema, who was fatally injured by a swinging draft of lumber while working aboard respondents' Steamship Armar. At the time of the occurrence, the vessel was under charter agreement with Seaboard Shipping Co., Ltd., whose general agent was Wilford & McKay, Inc.

Respondents petitioned to implead Nacirema for purposes of indemnity, alleging in general terms that at the time of the occurrence Nacirema was performing services aboard the Armar under an agreement between Nacirema and respondents, entered into through their respective duly authorized representatives. Nacirema excepted to that general allegation, complaining that respondents had failed to recite the particulars of the agreement referred to and had failed to specify whether the agreement was in writing. Respondents amended the Petition to Implead to aver, on information and belief, that Nacirema was performing under a written agreement between it and Wilford & McKay, the general agents for the charterers. Respondents then averred, in part,

"The aforesaid stevedoring contract, which is in the possession of the impleaded-respondent and is not available to the respondent, is subject to an implied warranty that the services shall be performed in a safe and workmanlike manner."

Thereafter, by appropriate discovery procedures, over opposition of Nacirema, respondents succeeded in obtaining a copy of the written agreement referred to and learned that it contained the following provision as paragraph 8A thereof:

"The Stevedoring Company further agrees to indemnify and hold entirely harmless the charterers and Wilford & McKay, Inc. and their sub-agents against any loss sustained as a result of any claim or action whatever which may be brought by any workman or employee of the Stevedoring Company or any other person or persons, for loss of life or bodily injury sustained during the performance of the work on or around the vessels worked under this agreement. * * *"

By the instant motion, respondents seek to further amend the impleading petition to plead the above-quoted provision in addition to the implied warranty. Nacirema resists that attempt, arguing that, since ship owner is not a party to the written agreement between it and the charterer's general agent, Wilford & McKay, the express warranty cannot operate in favor of the ship owner. No cases are cited by Nacirema in support of that proposition but rather it argues that only the implied warranty enunciat-

ed in Crumady v. The Joachim Hendrik Fisser (The Joachim Hendrik Fisser v. Nacirema Operating Co., Inc.), 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959) and Waterman Steamship Corp. v. Dugan & McNamara, Inc., 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960), is available to ship owner in the absence of privity. The Crumady and Waterman Steamship Corp. cases would seem to require a conclusion contrary to that contended by Nacirema, but the Court is of the opinion that the question whether the express warranty will operate in favor of the ship owner in this case must await the development at time of trial of the facts surrounding the relationship of all the parties. Cf. Drago v. A/S Inger, D.C. E.D.N.Y., 194 F.Supp. 398 (1961).

Respondents' Motion to Amend the Amended Petition to Implead will be granted.