Rocco FERRIGNO, Libelant-Appellee,

v.

OCEAN TRANSPORT LTD., Respondent-Appellant-Appellee,

v.

PITTSTON STEVEDORING CORP., Respondent-Impleaded-Appellant.

No. 24, Docket 27482.

United States Court of Appeals Second Circuit.

Argued Oct. 9, 1962.

Decided Oct. 29, 1962.

See also 188 F.Supp. 179.

Thomas H. Healey, of Monica & Feury, New York City (Joseph P. Feury, of Monica & Feury, New York City, on the

brief), for Pittston Stevedoring Corp., respondent-impleaded-appellant.

James H. Reidy, of Kirlin, Campbell & Keating, New York City, for Ocean Transport Ltd., respondent-appellant-appellee.

Before CLARK, MOORE, and SMITH, Circuit Judges.

CLARK, Circuit Judge.

Ferrigno, an employee of Pittston Stevedoring Corp., was engaged in discharging a cargo of lumber from the lower hold of Ocean Transport's vessel, the S.S. Myriam III. While Ferrigno was descending to the hold, a rung on the ladder he was using came loose and he fell six or seven feet to the top of the cargo, thereby sustaining certain injuries. The court below found that the defects in the ladder were due solely to Ocean Transport's negligence and that neither Ferrigno nor Pittston, impleaded by Ocean, were contributorily negligent or had knowledge of the dangerous condition. So it awarded Ferrigno $7,407.00 for lost wages, pain, suffering, and disability, D. C.S.D.N.Y., 201 F.Supp. 173, at 179, and found that Pittston had not breached its implied warranty of workmanship, 201 F.Supp. at 184. Pittston had, however, made a contract with Wilford & McKay, Inc., the agent of the charterer with whom Ocean had a charter party, in which Pittston had agreed to hold Wilford & McKay harmless from liability for death or personal injury sustained during its stevedoring operations. Although no similar provision was contained in the charter party with Ocean, Judge Levet required Pittston to indemnify Ocean as a third-party beneficiary under the clause in its contract with Wilford & McKay. This ruling is being contested on this appeal.

■■ We think this holding constitutes an improper extension of the third-party beneficiary doctrine employed in Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413, and Waterman S.S. Corp. v. McNamara, Inc., 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169, to allow recovery over by the ship for breach of the implied warranty of workmanlike service by the stevedore. We are not here dealing with a warranty of workmanlike service. Of course, as we note, it would make no difference to recovery over against the stevedoring company whether that warranty were explicit or implied. For that warranty goes to the very heart of the stevedore-vessel relationship and is established the moment the stevedore boards the vessel to perform his services. See Crumady v. The Joachim Hendrik Fisser, supra, 358 U.S. 423, at 428–429, 79 S.Ct. at 448; Waterman S.S. Corp. v. Dugan & McNamara, Inc., supra, 364 U. S. 421, at 424, 81 S.Ct. at 202. In the case before us, however, we are dealing with a hold-harmless clause, which is not an essential part of the stevedore's undertaking. A ship cannot, therefore, rely on the same easy burden of proof that is available to it when it claims indemnity on the ground that the stevedore has breached its agreement to perform its services in a safe and workmanlike manner. Here Ocean's burden of proving that it was a third-party beneficiary under the hold-harmless clause was not satisfied. There was no showing of any intent in the Wilford & McKay contract to grant absolution to Ocean.

■ Further, public policy considerations, of the nature outlined in DeGioia v. U. S. Lines Co., 2 Cir., 304 F.2d 421, at 426, suggest that Ocean should not be given the benefit of the indemnity clause in question. In the DeGioia case we said: "The function of the doctrine of unseaworthiness and the corollary doctrine of indemnification is allocation of the losses caused by shipboard injuries to the enterprise, and within the several segments of the enterprise, to the institution or institutions most able to minimize the particular risk involved." Since Pittston was found to have satisfied its warranty of workmanship, there is nothing that it could have done in this case to minimize the risk, which, as the trial court found, was the sole result of the shipowner's negligence. So shifting

the loss to the stevedore would seem to decrease the shipowner's incentive to make his vessel safe.

Nothing in the cases relied upon by the district court is inconsistent with the result we reach in this case. See Porello v. United States, 2 Cir., 153 F.2d 605, affirmed in part and reversed in part *sub nom.*, American Stevedores, Inc. v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, on remand D.C.S.D.N.Y., 94 F. Supp. 952; Shannon v. United States, 2 Cir., 235 F.2d 457; A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 2 Cir., 256 F.2d 227, cert. dismissed Commercial Stevedoring Co. v. A/S J. Ludwig Mowinckels Rederi, 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49; Booth S.S. Co. v. Meier & Oelhaf Co., 2 Cir., 262 F.2d 310. In Porello, this court interpreted an indemnity clause in a contract between the stevedore and shipowner to require that the stevedore alone bear the loss when *both* parties had been negligent. The Supreme Court reversed on this point, indicating that it felt evidence should have been taken regarding the parties' intent. On remand in the district court, however, no evidence was submitted and Judge Kaufman concluded that the interpretation of this court was the appropriate one. In Shannon, we held that a stevedore has an obligation to remove a known defect or notify the shipowner of it. This doctrine is obviously inapplicable where, as here, the stevedore had no knowledge of the dangerous condition. A/S J. Ludwig Mowinckels Rederi discussed why admiralty rules should apply to maritime contracts containing indemnity agreements identical with that in Porello and reaffirmed the rule of that case that indemnification under such an arrangement would be required even if the indemnitee were *also* at fault. Booth S.S. Co. dealt with a situation in which neither party to an unwritten contract to overhaul a ship's engines was at fault. Judge Lumbard, writing for a unanimous court and stressing policy considerations of the kind subsequently emphasized in DeGioia v. U. S.

Lines Co., supra, 2 Cir., 304 F.2d 421, held the contractor liable under an implied warranty of workmanlike service because of its better position, as supplier of the equipment which caused the accident, to diminish the risk.

The decree requiring Pittston to indemnify Ocean is reversed for entry of a decree in its favor.