**UNITED STATES LINES COMPANY as owner of the S.S. AMERICAN FORESTER**

v.

**NACIREMA OPERATING CO., Inc.**

No. 62–30.

United States District Court
D. Massachusetts.

April 8, 1963.

Leo Glynn, Glynn & Dolan, Boston,. Mass., for plaintiff.

Blair L. Perry, C. Keefe Hurley, Hale & Dorr, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Libellant, a shipowner, seeks indemnification from respondent, a stevedoring contractor, for (1) amounts paid by the shipowner to settle an action brought against it by Shanahan, a longshoreman employed by respondent, and (2) the shipowner's legal expenses incurred in defending that action.

This Court makes the following findings of fact.

1. On June 20, 1958 libellant was the owner of the vessel S.S. AMERICAN FORESTER, then in the port of Boston. It contracted with respondent that the latter should perform stevedoring services on board the vessel. Among respondent's employees was Shanahan.

2. Shanahan slipped on some grease on a step leading up to a winch platform on the vessel. There is no evidence as to how that grease came to be on the step, nor how long it had been there, nor as to anyone either seeing or being able to see the grease before the accident occurred.

3. The slipping on the grease caused Shanahan to suffer a contusion of the left chest. Dr. Ripa examined him, caused x-rays to be taken, strapped his chest, and treated him twice after the initial examination. Shanahan was also treated five additional times at the Travelers Clinic. For five weeks and two days, Shanahan, in accordance with medical advice given to him by Dr. Ripa, did not return to work. During that time Shanahan was totally incapacitated.

4. Shanahan brought an action for his personal injuries, against libellant, in the Suffolk County Superior Court of the Commonwealth of Massachusetts. Before trial, libellant settled that action by paying $1,350. Its reasonable legal expenses in defending that action were $450.

Upon the basis of the foregoing facts, this Court reaches the following conclusions of law.

■ 1. It was reasonable for libellant shipowner when sued in the Massachusetts state court by Shanahan to have paid him $1,350 in settlement of his claim. There was a substantial likelihood that the state judge would have been under a duty to submit to the jury the issue whether AMERICAN FORESTER was seaworthy, and that on such a submission the jury would have found the vessel unseaworthy, and that the unseaworthiness was the cause of injury to Shanahan. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed. 2d 941. That is, the issue of unseaworthiness was an open question for the trier of fact. Pinto v. States Marine Corp. of Delaware, 2nd Cir., 296 F.2d 1, 7-8.

2. Inasmuch as the libellant's settlement with Shanahan was reasonable, that settlement gives the libellant as good a basis for seeking indemnification from respondent as a judgment entered against libellant after trial in Shanahan's action. Waterman S.S. Corp. v. Dugan & McNamara, 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169; Paliaga v. Luckenbach S. Co., 2nd Cir., 301 F.2d 403, 409, California Stevedore & B. Co. v. Pan-Atlantic S.S. Corp., 9th Cir., 291 F.2d 252. "A contrary result that would require the pursuit of the action to a judgment would conflict with the policy * * * of encouraging settlement." Paliaga v. Luckenbach S. Co., supra.

■ 3. But despite the reasonableness of libellant's settlement, this Court is not bound to accept, and it does not accept, as a fact that the grease on which Shanahan slipped was in any way known to, or could have been known by, this respondent, the stevedore. This Court's findings make it plain that libellant did not bear its burden of proving to this Court as a trier of fact that respondent caused the grease to be on the steps, or knew of the grease, or (especially in view of the uncertainty as to how long the grease had been there) could have discovered it by inspection. Where the stevedore did not cause a dangerous condition aboard a vessel and had no means of knowing of such condition, it is not under a duty to indemnify the shipowner for amounts paid by the shipowner to settle claims of injury caused by that condition. Ferrigno v. Ocean Transport Ltd., 2nd Cir., 309 F.2d 445, 447. Pierce v. Erie R. Co., 2nd Cir., 264 F.2d 136, 140.

Judgment for respondent with costs.