**Bertram A. WATSON, Libellant,**

v.

**GULF STEVEDORE CORPORATION, Respondent.**

**A. D. No. 63–H–101.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 28, 1965.

W. Jiles Roberts, Houston, Tex., for libellant.

Royston, Rayzor & Cook, Houston, Tex., Carl O. Bue, Jr., Houston, Tex., for respondent.

Memorandum and Order of Dismissal

HANNAY, District Judge.

Petitioner longshoreman, while in the employment of the Respondent stevedoring company, was injured while working aboard the SS SAN DIMITRIS in February of 1957 in the Port of Houston, Texas.

Petitioner purports to sue its own employer directly on the theory that he is the third-party beneficiary of an implied warranty by Respondent to the vessel owners that it would perform its stevedoring duties in a workmanlike manner with its failure to do so rendering the vessel unseaworthy. This suit is brought notwithstanding the exclusive liability provision as against an employer in the Longshoremen's and Harbor Workers' Compensation Act, Section 905 of Title 33, U.S.C.A., which it is not disputed is otherwise applicable.

Petitioner relies upon the doctrine in Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, and upon an extension of the principle that a vessel owner has a right of indemnity as against a stevedoring contractor for its breach of warranty. Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corporation, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 and Waterman Steamship Corporation v. Dugan and McNamara, Inc., 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169. See also Italia Societa, etc. v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732. But no authorities are cited nor can any be found that extend either proposition to the length sought here. This case involves no prior adjudication of the vessel's liability for unseaworthiness.

*The Yaka* clothes a longshoreman *injured aboard a particular vessel* (emphasis added throughout) with the status of a "seaman" insofar as his *right to sue the vessel* for unseaworthiness is concerned notwithstanding the exclusive remedy provision of Section 905. In respect to instant case, it is only incidental that in *The Yaka* the longshoreman's employer was also the owner of the vessel *pro hac vice*. The record shows that Respondent in instant case had no relationship with the vessel other than as contracting stevedore.

Petitioner's reliance on a third-party right of indemnity is equally untenable. It would directly contradict and frustrate the purpose of Section 905. This right of indemnity inures to the benefit of the innocent vessel owner where her unseaworthiness is caused by the employer's breach of warranty. It would be another thing to say that it negates the protection which the employer has under the compensation act in respect to an *in personam* action by a longshoreman.

For the foregoing reasons, the Respondent's Motion to Dismiss is granted.

It is hereby ordered, adjudged and decreed that this Libel is dismissed with prejudice and Libellant to pay costs.

The Clerk will notify proctors.