ANGELO FERRIGNO *v.* PEP BOYS — MANNY, JOE AND JACK OF DELAWARE, INC.

Superior Court, Judicial District of New Haven—File No. CV02-0463867S

---

Memorandum filed January 23, 2003

*Biller, Sachs, Raio & Banadies,* for the plaintiff.

*Loricco, Trotta & Loricco,* for the defendant.

BLUE, J. The motion to strike now before the court attacks the allegations of breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., contained in the plaintiff's complaint. For reasons briefly stated below, the motion fails with respect to the breach of contract claim but succeeds with respect to the CUTPA claim.

The plaintiff, Angelo Ferrigno, alleges that on June 17, 2001, he entered into a contract with the defendant, Pep Boys — Manny, Moe & Jack of Delaware, Inc. (Pep Boys). Ferrigno purchased two tires for his Jeep Cherokee for $250.11. Pep Boys installed the tires, allegedly ignoring a warning posted on the vehicle that all tires on the vehicle had to be the same size. As a result of this installation, the front tires did not match the rear tires. Ferrigno claims that the transmission of his vehicle was damaged as a result.

On April 23, 2002, Ferrigno commenced this action against Pep Boys by service of process. His complaint consists of three counts. The first count alleges breach of contract. The second count, not under attack here, alleges negligence. The third count alleges a CUTPA violation.

On November 8, 2002, the defendant filed the motion to strike now before the court. The motion attacks as insufficient the first and third counts of the complaint. The motion was argued on January 13, 2003. Following argument, the court granted permission to the parties to file postargument briefs by January 22, 2003. No postargument briefs have been filed.

Pep Boys' attack on the first count can be swiftly dispensed with. As to that count, Pep Boys asserts that, "the Plaintiff has not alleged that the Defendant failed to fully perform any of its contractual duties." That, however, is not the case. The first count alleges that Pep Boys installed the tires in question as part of the contract. It is an implied condition of every service contract that the service will be performed in a workmanlike manner. *Waterman Steamship Corp.* v. *Dugan & McNamara, Inc.*, 364 U.S. 421, 423–24, 81 S. Ct. 200, 5 L. Ed. 2d 169 (1960). If the allegations in the first count are correct, Pep Boys, by installing two tires on Ferrigno's vehicle that were of a different size than the two remaining tires, in spite of an express warning posted on the vehicle not to do so, did not perform its service in a workmanlike manner. A breach of this implied condition would be a breach of contract. Ferrigno has properly pleaded such a breach.

Ferrigno has not, however, alleged the factual predicate for a CUTPA violation. The third count incorporates the allegations of the first count and adds that Pep Boys was engaged in the business of servicing automobiles and selling automobile parts and further alleges that Pep Boys has refused to reimburse Ferrigno for the damage to his vehicle. While this, for reasons already stated, may amount to a breach of contract, it does not amount to a CUTPA violation.

Our Supreme Court has explained that the unworkmanlike performance of a contract does not, in and of

itself, amount to a CUTPA violation. Only the entrepreneurial aspects of business are covered by CUTPA. See *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 260 Conn. 766, 781, 802 A.2d 44 (2002), and authorities cited therein. Ordinary or professional negligence or malpractice does not fall under CUTPA. Id. This distinction permeates the case law. If a tire seller engages in a "bait and switch" tactic—selling, for example, retreads to a buyer who believes that he is purchasing new tires—the entrepreneurial aspects of the business are engaged because the seller profits from its deception. The situation just described would be a classic CUTPA violation. A tire seller who does a poor job of installing new tires, however, is not engaged in the same type of deliberate deception and, more to the point here, does not increase its profits by its lack of workmanship. If Pep Boys did what Ferrigno alleges here, it may be incompetent. Incompetence does not, however, rise to the level of a CUTPA violation. See *Haynes* v. *Yale-New Haven Hospital*, 243 Conn. 17, 38, 699 A.2d 964 (1997). Ferrigno alleges no acts that were "deceptive, unfair or unconscionable in terms of the entrepreneurial or commercial aspects of the defendant's practice." *Janusauskas* v. *Fichman*, 68 Conn. App. 672, 682, 793 A.2d 1099, cert. granted on other grounds, 261 Conn. 913, 806 A.2d 1054 (2002).

The motion to strike is denied as to the first count and granted as to the third count.