Gustav **MORTENSEN**, Plaintiff,

v.

**A/S GLITTRE**, Defendant and Third-Party Plaintiff-Appellee,

v.

**FEDERAL PAINT CO.**, Third-Party Defendant-Appellant.

No. 495, Docket 28871.

United States Court of Appeals Second Circuit.

Argued June 1, 1965.

Decided July 8, 1965.

Patrick E. Gibbons, New York City (Terhune, Gibbons & Mulvehill, New York City, on the brief), for appellant.

J. Ward O'Neill, New York City (Haight, Gardner, Poor & Havens, and Francis X. Byrn, New York City, on the brief), for third-party plaintiff-appellee.

Before MOORE and ANDERSON, Circuit Judges, and LEVET, District Judge.*

ANDERSON, Circuit Judge:

On January 30, 1957 Federal Paint Co. sent Gustav Mortensen and a fellow worker named Kofoed to paint insignia on the funnel of m/s Ferngrove, owned by A/S Glittre, pursuant to an oral contract between Federal and the shipowner. Just aft of the funnel was a skylight transom with six hatches; and on either side of the funnel and just forward of the skylight were two ventilators.

As the two men returned from lunch at 11:30 A.M., Mortensen observed a man coming from the direction of the work area with an oil can. On arrival at the area Mortensen and Kofoed noticed that the hinges of the skylight had been freshly oiled. Later, at about 1:30 P.M. Mortensen observed an oil "slick" or "splash" on the corner of the skylight hatch nearest to the starboard ventilator. He did not communicate this fact to Kofoed. Although employees of Federal had been instructed by their foreman to clean up whatever they discovered in the nature of a foreign substance, Mortensen made no attempt to clean up the oil because he believed that the area was not one over which he and his associate would have to walk. At 3:30 P.M. Kofoed finished painting the lower portion of the funnel while standing directly on the skylight. After he had finished, and in the course of picking up his tools and equipment, he slipped in the oil slick which Mortensen had noticed earlier. In so doing, he fell against the scaffolding on which Mortensen was working and knocked it down. As a result, Mortensen was seriously injured.

Mortensen sued the shipowner, A/S Glittre, on the ground that the ship was unseaworthy. The shipowner impleaded Mortensen's employer, Federal Paint Co., claiming a right of indemnification if the plaintiff should recover from the shipowner.

In the main action the jury found that Glittre had breached its absolute warranty of seaworthiness, but, because of Mortensen's contributory negligence, it reduced the verdict approximately one-third for a net award of $53,400. Judge Rayfiel then directed a verdict in favor of Glittre against Federal in the indemnity action on the ground that, in the circumstances of this case, the finding of contributory negligence established Glittre's right to indemnity as a matter of law. It is from this judgment of indemnification that Federal appeals. We affirm.

Federal contends that the directed verdict against it was erroneous because it should have been left for the jury to decide whether the shipowner's conduct was somehow a bar to its recovery over and whether the plaintiff's contributory negligence also established a breach of Federal's warranty of workmanlike performance.

It is true, as the Supreme Court has suggested in Weyerhaeuser S. S. Co. v. Nacirema Operating Co., Inc.,

---

* Sitting by designation.

355 U.S. 563, 567, 78 S.Ct. 438, 2 L. Ed.2d 491 (1958), that there may be conduct on the shipowner's part which may be sufficient to preclude recovery of indemnity. While neither the Supreme Court nor this court has attempted to define with any particularity what constitutes such conduct, Misurella v. Isthmian Lines, Inc., 328 F.2d 40, 41 (2d Cir. 1964), we have recently concluded that "it must at the least prevent or seriously handicap the stevedore in his ability to do a workmanlike job." Albanese v. N. V. Nederl. Amerik Stoomv. Maats. etc., 346 F.2d 481 (2d Cir. June 15, 1965). It is well established that the mere creation of the unsafe condition is insufficient to preclude recovery over where the contractor's own negligence has brought the unseaworthiness of the vessel into play. E. g., Crumady v. J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959).

■ Despite every opportunity to do so during the course of the trial, no effort was made to show and no claim was made that Glittre's conduct consisted of anything more than the creation of the hazard which underlay the unseaworthiness claim, let alone that it amounted to "active hindrance" of the contractor in the performance of its contractual duties, which, as we stated in Albanese, supra, at 484 of 346 F.2d, is required to defeat the indemnification action. What the record does reveal is that the plaintiff, Federal's employee, noticed the oil slick almost two hours before the accident. Although he had been explicitly instructed what to do in such situations and had available to him the equipment necessary to remove the dangerous condition, he neither did nor said anything about it.

■ Mortensen's negligent conduct, which is imputed to his employer, was manifestly a breach of Federal's warranty of a workmanlike performance of the obligations of the contract. This warranty of workmanlike service comprehends the carrying out of the operations provided for in the contract in a reasonably safe manner. Waterman S.S. Co. v. Dugan & McNamara, 364 U.S. 421, 423, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960). It imposes a duty on the stevedore or contractor to clean up the area of operations, where necessary, to make it a safe place in which to work. Nicroli v. Den Norske Afrika, 332 F.2d 651, 655–656 (2d Cir. 1964); DeGioia v. United States Lines Co., 304 F.2d 421, 423–424 (2d Cir. 1962). Since there was no evidence of conduct on Glittre's part which relieved Federal of its obligations, the District Court properly held that Glittre was entitled to indemnification as a matter of law, for the breach of warranty in failing to take steps to rectify a known hazardous condition and eliminate a foreseeable risk of injury which brought into play the vessel's unseaworthiness, and which was a proximate cause of the accident which occasioned the shipowner's expense.

The judgment below is affirmed and the cause is remanded for assessment of attorneys' fees and other expenses incurred in Glittre's defense of the main action pursuant to the pretrial order.