Anthony ALBANESE, Plaintiff,

v.

N. V. NEDERL. AMERIK STOOMV. MAATS, Defendant and Third-Party Plaintiff-Appellant,

v.

INTERNATIONAL TERMINAL OPER-ATING CO., Inc., Third-Party Defendant-Respondent.

No. 186, Docket 31702.

United States Court of Appeals Second Circuit.

Argued Nov. 27, 1967.

Decided April 12, 1968.

Edmund F. Lamb, New York City (Purdy, Lamb & Catoggio, New York City, of counsel to Schaffner & Furey, New York City, on the brief), for defendant and third-party plaintiff-appellant.

Joseph Arthur Cohen, New York City (Sidney A. Schwartz, and Alexander, Ash & Schwartz, New York City, on the

brief), for third-party defendant-respondent.

Before MOORE, SMITH and HAYS, Circuit Judges.

## J. JOSEPH SMITH, Circuit Judge:

This is an appeal by Holland American Lines, a third party plaintiff shipowner from a judgment dismissing after jury verdict third party claim for indemnification by stevedore for amount paid in satisfaction of judgment on personal injury claim of longshoreman, in the United States District Court for the Southern District of New York, Richard H. Levet, Judge. We find error in denial of a motion for judgment n. o. v. and reverse for entry of judgment for the shipowner.

One Albanese, a longshoreman employed by third party defendant International Terminal Operating Co., Inc., a stevedore, was injured by carbon monoxide inhalation while working in the lower hold of Holland American's ship. On trial in the United States District Court for the Southern District of New York, judgment entered in favor of Albanese against Holland American, and against Holland American on its claim over against I. T. O. This court reversed and remanded with respect both to the longshoreman's claim and the shipowner's third party claim. 346 F.2d 481 (2 Cir.). The Supreme Court reversed reinstating the judgment in favor of the plaintiff Albanese because it held this court in error in holding the charge on negligence erroneous. 382 U.S. 283, 86 S.Ct. 429, 15 L.Ed.2d 327 (1965). On retrial of Holland American's third party claim against I. T. O. judgment was entered by the Court, Richard H. Levet, Judge, on a jury verdict in favor of I. T. O., dismissing Holland American's third party claim. Holland American appeals from the judgment and from the denial of its motions for summary judgment, judgment n. o. v., and for a new trial. We find error in the denial of the motion for judgment notwithstanding the verdict and reverse for entry of judgment in favor of Holland American against I. T. O.

The court on retrial considered that two questions were open, whether there was a breach of the warranty of workmanlike service and whether even though the stevedore's conduct breached the warranty it was nevertheless exonerated by the actions of the shipowner. On the evidence here and the opinions of this court and the Supreme Court on the earlier appeal, we think neither presented a jury question.

■ We had held in effect that the shipowner was not to be cast in negligence without actual notice of an unsafe condition, since he was not required actively to supervise the work of a competent stevedore hired to do the work. Citing Gutierrez v. Waterman SS Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963), the Supreme Court reversed. We take this to mean that regardless of the shipowner's control or lack of it, he still has a nondelegable duty to use reasonable care to keep the area a safe one in which to work. In the circumstances shown by the evidence here, the injury was caused by the unsafe and unseaworthy condition in the hold, failure to correct which under the ruling of the Supreme Court the jury could find to be negligence on the part of the shipowner as well as unseaworthiness. But whichever theory the jury adopted in the first trial here, the creation of the condition was the act of the stevedore and breached his warranty of workmanlike service.

■ Here the stevedore not only knew of the dangerous condition, fumes in the hold, but created it by adding the second hi-lo to the one already operating without using blowers. Whether evidence to contradict the absence of blowers testified to in the first trial should have been admitted is questionable. Caputo v. United States Lines, 311 F.2d 413 (2 Cir.), cert. denied sub nom. Imparato Stevedoring Corp. v. United States Lines Co., 374 U.S. 833, 83 S.Ct. 1871, 10 L.Ed.2d 1055 (1963). In any case, there

was no evidence that they were in use at the time of Albanese's injury, but only testimony by Jerkovich in his deposition that they were present and working at some uncertain time that morning. Even if the jury credited this item from Jerkovich's deposition in spite of his other inconsistent statements and the great amount of testimony that I. T. O. never did have blowers aboard, it could not support a finding that they were in operation at the significant time. At best, I. T. O. had blowers available, and gas testing equipment available, used neither at the time of the injury, allowed conditions to become unsafe, and continued to work the men. As we said on the first appeal, when the ship's blowers were not turned on, the stevedore could either have stopped work or used its own blowers. It did neither and plainly breached its warranty of workmanlike service. Mosley v. Cia Mar. Adra S.A., 362 F.2d 118 (2 Cir.), cert. denied 385 U.S. 933, 87 S.Ct. 296, 17 L.Ed.2d 213 (1966). See also Nicroli v. Den Norske Afrika, etc., 332 F.2d 651 (2 Cir. 1964); Misurella v. Isthmian Lines, 328 F.2d 40 (2 Cir. 1964); DeGioia v. United States Lines Co., 304 F.2d 421 (2 Cir. 1962).

■ The court denied the motion for directed verdict and the motion post trial for judgment n. o. v. in part because of the continuance of the work in pursuance of the orders of the mate, quoting Judge Ganey in Thompson v. Trent Maritime Co., 353 F.2d 632, 641 (3 Cir. 1965), "It has been recognized that indemnity may be denied when the shipowner or those operating the vessel participate in some way in the decision to work in an unseaworthy area of the ship or induces the stevedore to go on with the work." This ruling was con-

sistent with the charge which allowed the jury to find for the defendant if the conversation with the ship's officer took place and the stevedore boss Curko reasonably relied on it. We think that this misconstrued the decision of this court on the first appeal in this case. We there recognized that the exact requirements for exoneration because of actions of the ship may not yet be fixed by the cases, but held that merely concurrent fault is not enough, and held, as we later reiterated in Mortensen v. A/S Glittre, 348 F.2d 383 (2 Cir. 1965) that a shipowner's conduct to exonerate the stevedore "must at the least prevent or seriously handicap the stevedore in his ability to do a workmanlike job." Citing Misurella v. Isthmian Lines, supra, we held erroneous an instruction that the request to the ship's officer was sufficient to absolve the stevedore, and pointed out that there was no evidence of active "hindrance" by the ship. We can find nothing added here that should change that determination. The evidence was therefore insufficient to go to the jury on the question of exoneration, and the shipowner was entitled to judgment notwithstanding the verdict.

■ This is as it should be, for the stevedore is in direct charge of the work and is best able to control it so as to avoid serious damage from unsafe conditions by either shutting down the job until the conditions are corrected or using its own means to correct them, and under the decisions of the Supreme Court from Ryan Stevedoring Co. v. Pan-Atlantic SS Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1955) through Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964),[1]

---

1. "liability should fall upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury." 376 U.S. at 324, 84 S.Ct. at 754.

"'The function of the doctrine of unseaworthiness and the corollary doctrine of indemnification is allocation of the losses caused by shipboard injuries to the en-

terprise, and within the several segments of the enterprise, to the institution or institutions most able to minimize the particular risk involved.' DeGioia v. United States Lines Co., 304 F.2d 421, 426 (C.A. 2d Cir.). And see Ferrigno v. Ocean Transport Ltd., 309 F.2d 445 (C.A. 2d Cir.)." 376 U.S. at 323, n. 10, 84 S. Ct. at 753.

this is precisely what the stevedore has impliedly warranted to do.

The judgment is reversed and remanded to the district court with instructions to enter judgment in favor of the third party plaintiff against the third party defendant in the amount of $160,497.33 with interest from February 9, 1966 plus reasonable attorneys' fees incurred by the third party plaintiff in defense against the claim of Albanese, and costs.

MOORE, Circuit Judge (dissenting):

After reinstatement of the Albanese verdict by the Supreme Court, 382 U.S. 283, 86 S.Ct. 429, 15 L.Ed.2d 327 (1965), Holland America argued to this court that it was entitled to judgment against I. T. O. as a matter of law. That motion was denied on March 1, 1966, determining that there was an issue of fact to be resolved.

Specifically, Holland America had to prove on the retrial of the indemnity claim that its liability was proximately caused by a breach of warranty of workmanlike service on the part of I. T. O. From the evidence on the retrial, the jury could have found that I. T. O. did not breach its warranty or act unreasonably. The ship was equipped with a Cargocaire ventilation system that was admitted to be adequate for ventilation of the hold where the hi-los were operating, and the stevedore could certainly have been found to be justified in waiting a few minutes before ordering the men out in the expectation that the ship's blowers would be turned on.

I. T. O. would not be relieved of liability simply because it told a ship's officer to turn on the blowers. Instant case, 346 F.2d at 484. See also Mortensen v. A/S Glittre, 348 F.2d 383 (2d Cir. 1965). But I. T. O. should not be held liable merely because its machines were producing fumes, without regard to whether the ship had an adequate ventilation system that could be expected to be in operation. Since such a system existed, and since the jury has decided that it was reasonable for I. T. O. to rely

momentarily on its being turned on, any failure on the part of I. T. O. to use its testing equipment or portable blowers is irrelevant. This is not to say that a jury verdict for Holland America was required by the evidence, but only that the jury's decision should not be disturbed. The entry of judgment notwithstanding the verdict (and the overruling of this court's prior determination that there was a triable issue on essentially the same facts as are before us now) is in my opinion an unjustified usurpation of the function of the jury.