## INTERNATIONAL TERMINAL OPERATING CO., INC. *v.* N. V. NEDERL. AMERIK STOOMV. MAATS.

No. 379.  Decided October 21, 1968.

*Sidney A. Schwartz* for petitioner.

*Edmund F. Lamb* for respondent.

PER CURIAM.

The petition for a writ of certiorari is granted.

The respondent, a shipowner, sought indemnity from the petitioner, a stevedoring company, for damages the shipowner had paid to an employee of the stevedore who was injured while working aboard the respondent's ship. See *Albanese* v. *N. V. Nederl. Amerik Stoomv. Maats.,* 382 U. S. 283 (1965).  A jury found that the stevedoring company had fulfilled its duty of workmanlike service and, accordingly, that no indemnity was due.  See *Ryan Stevedoring Co.* v. *Pan-Atlantic S. S. Corp.,* 350 U. S. 124 (1956).  The Court of Appeals reversed this verdict and held, as a matter of law, that the stevedore had not taken reasonable action to avert the injury.  392 F. 2d 763 (1968).

The cause of the longshoreman's injury was carbon monoxide inhalation that occurred as he and other longshoremen were using gasoline-powered vehicles to move cargo in the ship's lower hold. The shipowner contends that the stevedore's hatch boss acted unreasonably. When longshoremen complained about the lack of ventilation in the hold, the hatch boss informed one of the ship's officers that his men would walk off the job unless the officer turned on the ship's ventilating system. The officer told the men to continue working and promised to activate the ventilating system, which was within the shipowner's exclusive control and which was concededly adequate to ventilate the hold. When, less than 10 minutes later, the hatch boss realized that the ventilating system had not been turned on, he ordered the men from the hold. The injured longshoreman collapsed as he was ascending a ladder to leave.

The Court of Appeals said that the hatch boss should have ceased work when he first learned that the ship's ventilating system was not operating, despite the officer's promise to turn on the system. Alternatively, he should have used the stevedore's blowers, which had been left on the pier, to ventilate the hold. The jury, however, in response to a special interrogatory, found that the stevedore had acted reasonably in continuing to work for a brief period in reliance on the officer's promise. We cannot agree with the Court of Appeals that the stevedore acted unreasonably as a matter of law. Under the Seventh Amendment, that issue should have been left to the jury's determination. Any other ruling would be inconsistent with this Court's decision in *Atlantic & Gulf Stevedores, Inc.* v. *Ellerman Lines, Ltd.*, 369 U. S. 355 (1962).

The judgment of the Court of Appeals is

*Reversed.*