Dominic T. FRASCA, to his own use and to the use of American Mutual Liability Insurance Company, and Oriole Ship Ceiling Co., Inc., Appellees,

v.

S/S SAFINA E. ISMAIL, her engines, tackle, apparel and furniture, Atlantic & Gulf Stevedores, Inc. and Pan Islamic Steamship Co., Ltd., Appellants.

No. 13139.

United States Court of Appeals
Fourth Circuit.

Argued May 9, 1969.

Decided July 10, 1969.

---

2. The record indicates that the order granting dismissal of the complaint was entered at 10:20 a. m. on March 25, 1968.

Thomas G. Young, III, and John F. King, Baltimore, Md. (Anderson, Coe & King, Baltimore, Md., on brief), for appellants.

R. Roger Drechsler, Baltimore, Md. (Lord, Whip, Coughlan & Green, Baltimore, Md., on brief) for appellees.

Before SOBELOFF, CRAVEN, and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

While working aboard the S. S. SAFINA E. ISMAIL for the Oriole Ship Ceiling Company, Dominic T. Frasca was injured. He brought suit against the ship and its owner and also against Atlantic & Gulf Stevedores, Inc. The vessel, seeking indemnity for breach of warranty, cross-claimed against Atlantic & Gulf and brought a third-party claim against Oriole. All claims were tried by the court without a jury.

We accept the facts found by the district judge: Six days before Frasca's accident, longshoremen working for Atlantic & Gulf stowed packs of steel throughout the tween deck of the number one hold. When the longshoremen quit the ship, they left a stevedore's bar atop a pack. The bar resembled a crowbar in size and shape and was similar in color to the steel pack. It remained undiscovered until Frasca's injury. Oriole's men had come aboard about three and one-half hours before Frasca's accident. Their job was to chock the cargo to prevent shifting at sea. While Frasca was carrying an armload of chocking blocks across the packs, he stumbled on the bar and was injured.

The district judge concluded that the ship was unseaworthy and that its failure to discover the bar was negligence. He entered judgment for Frasca, which

was satisfied and from which no appeal was taken.

The district judge also ruled that Atlantic & Gulf breached its warranty of workmanlike service by leaving the bar in the hold. He entered judgment against Atlantic & Gulf in favor of Frasca and also in favor of the shipowner for indemnification. Atlantic & Gulf's attack on these judgments is insubstantial, and we affirm them.

Finally, the district judge concluded that Oriole was not required to indemnify the ship. He found that Oriole had no actual knowledge of the bar and could not have found it in the exercise of reasonable care because of the similarity in color between the bar and the steel pack and the packs' unevenness. We reverse the judgment in Oriole's favor, and require indemnification from it as well as Atlantic & Gulf. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 132, 76 S.Ct. 232, 100 L.Ed. 133 (1956); D/S Ove Skou v. Hebert, 365 F.2d 341 (5th Cir. 1966).

██ The Safety and Health Regulations for Longshoring provide in part:

"(a) Weather deck walking and working areas shall be kept reasonably clear of lines, bridles, dunnage and all other loose tripping or stumbling hazards.

"(b) Gear or equipment, when not in use shall be removed from the immediate work areas, or shall be so placed as not to present a hazard." 29 C.F.R. § 1504.91 (1968 ed.)."

While these regulations, by their terms, do not govern the conduct of the shipowner, we have previously held that their breach by a stevedore can impose liability on the ship for injury to a longshoreman, Provenza v. American Export Lines, Inc., 324 F.2d 660 (4th Cir. 1963), cert. denied, 376 U.S. 952, 84 S.Ct. 970, 11 L.Ed.2d 971 (1964), and this in turn leads to indemnity from the stevedore.[1]

██ A ship's right to indemnification is not based on common law concepts of negligence, and a marine contractor's performance of its duty to the ship is not measured by the reasonable-man test. Instead, indemnity is predicated on breach of the contractor's warranty of workmanlike service, which is comparable to a manufacturer's warranty of merchantability. Italia Societa, etc. v. Oregon Stevedoring Co., 376 U.S. 315, 321, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964). And the contractor breaches his warranty when he fails to remedy hazards tolerated by the shipowner. Crumady v. "Joachim Hendrik Fisser," 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959).

██ If Oriole's employees had seen the bar before the accident and failed to remove it, obviously Oriole would have been liable. Mortensen v. A/S Glittre, 348 F.2d 383 (2d Cir. 1965). Oriole is also liable here, although it did not actually see the bar, because it had an opportunity to see it. The bar was not a latent defect; it was visible. Its color, while similar to the steel pack's, was not as bright. Moreover, the ship was held negligent for failure to discover the bar, and what was discoverable by the ship was discoverable by Oriole. That the ship had six days for discovery and Oriole only a few hours is irrelevant. Oriole's men were working in the area of Frasca's injury and were expected to chock the pack from which he fell. There is no suggestion that three and a half hours was too little time to allow a survey of that area or of the entire tween deck of the number one hold.

In sum, we hold that Oriole violated the Safety and Health Regulations for Longshoring and breached its warranty of workmanlike service by failing to remove a visible hazard after an opportunity to do so. Drago v. A/S Inger, 305 F. 2d 139 (2d Cir.), cert. denied, Daniels & Kennedy, Inc. v. A/S Inger, 371 U.S. 925, 83 S.Ct. 292, 9 L.Ed.2d 232 (1962).

---

1. In this respect the obligation of a ship ceiling company does not differ from a stevedore's. The district judge correctly held that a ship ceiling company met the definition of an employer under 29 C.F.R. § 1504.3(c) and (j) (1968 ed.).

Finally, the district judge properly held that the shipowner's failure to find the bar did not foreclose its indemnification by either Oriole or Atlantic & Gulf. See Weyerhaeuser S.S. Co. v. Nacirema Operating Co., Inc., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958).

The judgment of the district court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.