451 F.2d 985
 Fred JONES
v.
DEN NORSKE AMERIKALINJE A/S, Appellant in 19395 (D.C. Civil 428-50).
John LLOYD
v.
DEN NORSKE AMERIKALINJE A/S, Appellant in 19396 (D.C. Civil 428-51).
William TURNER
v.
DEN NORSKE AMERIKALINJE A/S, Appellant in 19397 (D.C. Civil 428-52).
 Nos. 19395-19397.
 United States Court of Appeals,
Third Circuit.
 Submitted under 3rd Cir. Rule 12(6) Oct. 19, 1971.
Decided Nov. 18, 1971.
 
 Francis A. Scanlan, Kelly, Deasey & Scanlan, Philadelphia, Pa. (R. Thomas McLaughlin, Philadelphia, Pa., on the brief), for appellant.
 Gerald D. Garfinkle, Fine, Staud, Silverman & Grossman, Philadelphia, Pa., for appellees.
 Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 The appellant shipowner was sued by three longshoremen, appellees Jones (No. 19,395), Lloyd (No. 19,396) and Turner (No. 19,397), for personal injuries allegedly sustained as a result of the unseaworthiness of a vessel which they were unloading on May 19, 1967. The longshoremen contend that they were overcome by carbon monoxide while working in the hold of the vessel and thereby injured. The cases were consolidated for trial on liability. In the case of Jones the damage issue was also tried. The jury returned a verdict on special interrogatories in each case finding that the vessel was unseaworthy by reason of the presence of an excessive amount of carbon monoxide. In the Jones case a verdict for the plaintiff in the amount of $7,000.00 was rendered and judgment was entered. In the cases of Lloyd and Turner an order was entered setting the actions down for a later trial on damages. So far as the record before us discloses a hearing on damages has not yet been held in the Lloyd and Turner cases.
 
 
 2
 Following the verdict on special interrogatories the defendant made timely motions to enter judgment in its favor pursuant to Fed.R.Civ.P. 50(a) and (b), on the ground that plaintiffs' evidence was insufficient as a matter of law to sustain a verdict of unseaworthiness. The appeal is from the denial of these motions.
 
 
 3
 The evidence discloses that on May 19, 1967 the three longshoremen were working in a lower hold. The hatch covers were open but there was no forced ventilation. A forklift truck with an internal combustion engine was in use. Fumes from the forklift truck were emitted under the wings where the longshoremen, to avoid the danger of falling cargo, spent most of their time. All of the men working there began to get sick, and as a result a test was made of the air in the hold. The reading made in the test showed a higher concentration of carbon monoxide on the side of the lower hold where the appellees were working. As a result the forklift truck in use on that side was ordered out and replaced with another. Shortly thereafter all of the men left the hold because they were too sick to continue. Two men had to be carried from the vessel, one from each side of the lower hold. All were treated at Cooper Hospital for carbon monoxide exposure, and elevated carboxyhemoglobin levels were found in blood tests on several of the men. Those blood tests were administered after the men had been administered oxygen which accelerates the process of eliminating carbon monoxide from the blood. The diagnosis of carbon monoxide intoxication was confirmed by a physician who treated the appellees.
 
 
 4
 Appellant shipowner contends that the above evidence was insufficient to support a finding that the hold of the vessel was unfit for its intended use, and hence unseaworthy. It contends that the absence of expert testimony, or indeed any testimony, showing the specific amount or percentage of carbon monoxide in the hold is a fatal defect in the proof. We think not. There was proof of a sufficient amount of carbon monoxide, in a place where longshoremen were expected to work, to cause them injury. No more is required. See Albanese v. N. V. Nederl. Amerik Stoomv. Maats, 346 F.2d 481, 483 (2d Cir. 1965).[1]
 
 
 5
 The three appellees started separate actions, which were consolidated. The order of consolidation was not for all purposes but only for trial, and a separate judgment was entered in favor of Jones. See Fed.R.Civ.P. 42(a); 2B Barron & Holtzoff, Federal Practice & Procedure Sec. 941 et seq. (Wright Ed. 1961). This being so, the judgment in favor of Jones probably is final and hence appealable under 28 U.S.C. Sec. 1291 (1964). But cf. Thompson v. Trent Maritime Co., Ltd., 343 F.2d 200, 203-204 (3d Cir. 1965). Even if this judgment is considered interlocutory, however, we have jurisdiction to consider this appeal under 28 U.S.C. Sec. 1292(a) (3) (1964) since the consolidated cases were solely in admiralty. In the cases of Lloyd and Turner, although the order denying appellant's motion under Fed. R.Civ.P. 50(a) and (b) is clearly interlocutory, jurisdiction lies for the same reason. See Ira S. Bushey & Sons, Inc. v. United States, 398 F.2d 167, 169 (2d Cir. 1968).
 
 
 6
 The order denying appellant's motion to set aside the verdict and to enter judgment in its favor will be affirmed.
 
 
 
 [1]
 Reversed on other grounds 382 U.S. 283, 86 S.Ct. 429, 15 L.Ed.2d 327 (1965); on remand, 279 F.Supp. 635 (S.D.N.Y. 1967); rev'd 392 F.2d 763 (2d Cir. 1968); rev'd 393 U.S. 74, 89 S.Ct. 53, 21 L.Ed.2d 58 (1968); amended decision 393 U.S. 995, 89 S.Ct. 482, 21 L.Ed. 2d 461 (1968)