(January 10, 1974)

RAYMOND ANZALONE, Respondent, v. MOORE-MCCORMACK LINES, INC., Defendant and Third-Party Plaintiff-Appellant. COURT CARPENTRY & MARINE CONTRACTING CO., INC., Third-Party Defendant-Respondent, et al., Third-Party

Defendant.— Judgment, Supreme Court, New York County, entered June 5, 1973, affirmed. Plaintiff-respondent and third-party defendant-respondent shall recover of defendant and third-party plaintiff-appellant $60 costs and disbursements of this appeal. While we all concur for affirmance in favor of the plaintiff against the defendant, the only dispute is as to the indemnity claim by the defendant against the third-party defendant-respondent based on a finding by the jury that the plaintiff was 15% contributorily negligent, which modicum of negligence is attempted to be imputed to the employer third-party defendant and is the basis for the dissent, which would grant a claim in full by the defendant over against the third-party defendant despite a special jury verdict on the specific issue to the contrary. Although the Second Circuit seems to pay heed to the approach suggested by the dissent (see *Falletta* v. *Costa Armatori, S.p.A. Genoa,* 476 F. 2d 316, 318), the United States Supreme Court has made it clear that a jury determination takes precedence. (*International Co.* v. *Nederl Amerik,* 393 U. S. 74.) Further, the able Trial Judge followed the special jury interrogatory route sustained in *Atlantic and Gulf Stevedores* v. *Ellerman Lines* (369 U. S. 355). Concur — Markewich, Nunez, Kupferman and Tilzer, JJ.; McGivern, P. J., concurs in part and dissents in part in the following memorandum: I concur in the affirmance of the judgment in favor of plaintiff against the defendant, but I favor a reversal of so much thereof as fails to grant defendant and third-party plaintiff's motion for judgment on the indemnity claim against third-party defendant-respondent Court Carpentry & Marine Contracting Co., Inc., notwithstanding the verdict, and I would remand for entry of judgment in favor of the appellant shipowner Moore-McCormack Lines, Inc., and for a hearing on the amount of attorney's fees and disbursements to be awarded. The jury in this case found plaintiff to have been 15% contributorily negligent. This, under the general maritime law as applied in this circuit, must be imputed to his employer (Court Carpentry) and constitutes a breach of warranty of workmanlike performance as a matter of law. (*Pascione* v. *American-Isbrandtsen Lines,* 1972 A. M. C. 2244, 2245.) (See, also, *Mortensen* v. *A/S Glittre,* 348 F. 2d 383 [2d Cir., 1965]; *Hartnett* v. *Reiss S.S. Co.,* 421 F. 2d 1011 [2d Cir., 1970]; *McLaughlin* v. *Trelleborgs Angfartygs A/B,* 408 F. 2d 1334, 1337 [2d Cir.], cert. den., *sub nom. Golten Marine Co.* v. *Trelleborgs Angfartygs A/B,* 395 U. S. 946). Even though the hazard be found to have been created by the negligence of appellant or otherwise, third-party defendant-respondent is liable for indemnity if a workmanlike performance, not here wholly found, would have eliminated the risk of injury. (See *De Gioia* v. *United States Lines Co.,* 304 F. 2d 421, 424 [2d Cir., 1962].) The record in this case fails to disclose any active hindrance or specific charge of misconduct on the part of appellant as would justify its being precluded from indemnity from the plaintiff's employer. (*Drago* v. *A/S Inger,* 305 F. 2d 139 [2d Cir., 1962]; see, also, *Albanese* v. *N.V. Nederl. Amerik Stoomv. Maats,* 392 F. 2d 763 [2d Cir., 1968], revd. on other grounds *sub nom. International Co.* v. *Nederl. Amerik,* 393 U. S. 74.) Order filed.