Jackson O. KING, Plaintiff-Appellee,

v.

DEUTSCHE DAMPFS–GES, Defendant and Third-Party Plaintiff-Appellee-Appellant,

v.

INTERNATIONAL TERMINAL OPERATING CO. INC., and Court Carpentry & Marine Contracting Company, Third-Party Defendants-Appellants.

Nos. 967, 1019, Dockets 75–7127, 75–7151.

United States Court of Appeals, Second Circuit.

Argued May 19, 1975.

Decided Aug. 8, 1975.

---

2. The panel consisted of Simpson and Clark, JJ. and Aldrich, Senior Circuit Judge, sitting by designation.

Lester E. Fetell, Brooklyn, N. Y. (Solomon J. Cohen, New York City, Benjamin J. Sergi, and Sergi & Fetell, Brooklyn, N. Y., on the brief), for plaintiff-appellee Jackson O. King.

Thomas F. Molanphy, New York City (James M. Hazen, and Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant and third-party plaintiff-appellee-appellant Deutsche Dampfs-Ges.

Douglas A. Boeckmann, New York City (Fogarty, McLaughlin & Semel, New York City, on the brief), for third-party defendant-appellant International Terminal Operating Co. Inc.

Albert V. Testa, New York City (Sidney A. Schwartz, Joseph Arthur Cohen, and Alexander, Ash, Schwartz & Cohen, New York City, on the brief), for third-party defendant-appellant Court Carpentry & Marine Contracting Co.

Before MULLIGAN, TIMBERS and GURFEIN, Circuit Judges.

TIMBERS, Circuit Judge:

On this appeal from a judgment entered January 22, 1975 after a three day jury trial in the Southern District of New York, Constance Baker Motley, *District Judge,* awarding plaintiff marine carpenter $42,900 damages against the shipowner for injuries sustained while working aboard ship and awarding the

shipowner full indemnification against both the stevedore and plaintiff's employer, the essential issues are:

(1) Whether the court erred in failing to dismiss the complaint for lack of sufficient evidence on the issue of unseaworthiness.

(2) Whether the court erred in granting judgment n.o.v. in favor of the shipowner on its indemnity claim against plaintiff's employer.

Finding no error, we affirm.

## I.

Jackson O. King was employed as a marine carpenter by Court Carpentry & Marine Contracting Company (Court Carpentry) on June 16, 1968. He was injured while working in the hold of the M/S Trautenfels which was owned by Deutsche Dampfs-Ges (Deutsche). King entered the hold to secure cargo which previously had been loaded into the hold. In order to do so, he was required to walk directly on steel "I" or "H" beams which had been stowed side by side facing fore and aft to form a superdeck in No. 4 hatch. They had been stowed by the stevedore, International Terminal Operating Co. Inc. (ITO). While walking on the beams, King fell into a space between two of the beams and sustained an injury to his left knee.

The instant appeal is from the judgment entered after a second trial which began October 9, 1974.[1] In response to special questions, the jury found that King's injuries were caused by the vessel's unseaworthiness, but reduced its $57,200 verdict to $42,900 because of King's 25% contributory negligence. After instructions from the court, the jury answered further special questions by awarding indemnification in favor of Deutsche against ITO on the ground

that ITO had breached its implied warranty of workmanlike performance in stowing the beams improperly so as to leave the space between the beams into which King fell; but the jury rejected Deutsche's claim of indemnity against Court Carpentry on the ground that Deutsche had not sustained its burden of proving that Court Carpentry had breached its implied warranty of workmanlike performance by failing to discover the dangerous condition.

On Deutsche's post trial motion for judgment n.o.v., the court held as a matter of law that Deutsche was entitled to judgment over against Court Carpentry, King's employer, in view of the jury's finding of contributory negligence on the part of King.

This appeal by ITO and Court Carpentry followed. Deutsche has taken a protective appeal against King and in opposition to the appeals of ITO and Court Carpentry which seek to overturn the indemnity awards.

## II.

Turning first to the claim that the district court erred in failing to dismiss the complaint for lack of sufficient evidence on the issue of unseaworthiness, we hold that this issue was submitted properly to the jury and that there was ample evidence to support the jury's finding of unseaworthiness.

■■ In determining whether a motion for a directed verdict should have been granted as appellants claim, it is axiomatic that the evidence must be viewed in the light most favorable to the party against whom the motion was made. *Bigelow v. Agway, Inc.,* 506 F.2d 551, 554 (2 Cir. 1974); *O'Connor v. Pennsylvania R.R. Co.,* 308 F.2d 911, 914–15 (2 Cir. 1962). King testified that he fell

---

1. The first jury trial in October 1973 resulted in a finding that the vessel was seaworthy, but judgment in King's favor against Deutsche was rendered on the ground that the shipowner had been negligent. The third-party claim of Deutsche for indemnification against ITO and Court Carpentry had been severed prior to trial. The $30,000 verdict was reduced to $15,000 because of King's 50% contributory negligence. Upon motion, the court set aside the finding of negligence on the ground of insufficient evidence and ordered a new trial on the issue of unseaworthiness. Deutsche's petition for a writ of mandamus to vacate the order for a new trial was denied by us on July 18, 1974.

into a space between two of the beams stowed by ITO. This was corroborated by Andrew Auletti, also an employee of Court Carpentry and King's supervisor. Auletti testified that a careful gang of longshoremen would have stowed the beams so that they fitted together; that on other occasions he had seen such beams stowed tightly together; and that this was the way beams were supposed to be stowed.[2] Such evidence presented a jury issue as to whether the ship was rendered unseaworthy due to improper stowage.

Deutsche and ITO at trial sought to establish that the space was on the periphery of the beams near the wall of the vessel, and that such spaces were commonly found and largely unavoidable. This evidence simply sharpened the issue of fact for the jury to resolve.[3] The court so held. We agree. See *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355 (1962); *Weyerhaeuser Steamship Co. v. Nacirema Operating Co.,* 355 U.S. 563 (1958).

On appeal we are no more free than the district court to ignore evidence favorable to plaintiff or "to set aside the jury verdict merely because the jury could have drawn different inferences . . . ." *Tennant v. Peoria & Pekin Union Ry. Co.,* 321 U.S. 29, 35 (1944); *Sentilles v. Inter-Caribbean Corp.,* 361 U.S. 107, 109–10 (1959). Our review is limited to determining whether there was substantial evidence to support the verdict that the vessel was unseaworthy because the beams had been improperly stowed by ITO. We hold that there was substantial evidence.[4]

### III.

The remaining issue is Court Carpentry's claim that the court erred in granting judgment n.o.v. in favor of Deutsche on its indemnity claim against Court Carpentry, King's employer, in view of the jury's finding of contributory negligence on the part of King.

The short answer to this claim of error is that it is foreclosed by a line of decisions by our Court stemming from *Italia Soc. v. Oregon Stevedoring Co.,* 376 U.S. 315 (1964).[5] In *Mortensen v. A/S Glittre,* 348 F.2d 383, 385 (2 Cir. 1965), we held that the contributory negligence of an injured plaintiff was a breach of his employer's warranty of workmanlike performance, the breach of warranty following as a matter of law from the finding of contributory negligence. Appellant's claims to the contrary have been rejected by us in *Hartnett v. Reiss Steamship Co.,* 421 F.2d 1011, 1017–18

---

2. Appellants argue that Auletti's opinion as to what constituted proper stowage of beams was admitted erroneously because Auletti was not qualified as an expert with respect to the stowage of cargo since he was not a longshoreman. The trial court of course has broad discretion to determine the qualifications of witnesses. *Butkowski v. General Motors Corp.,* 497 F.2d 1158 (2 Cir. 1974). We find no abuse of discretion here. Auletti had worked with stowed cargo for some 28 years. He had had ample opportunity to observe that it was possible to fit steel beams together tightly. He knew what constituted careful, proper stowage. *Avena v. Clauss & Co.,* 504 F.2d 469, 472 (2 Cir. 1974); cf. *Tropea v. Shell Oil Co.,* 307 F.2d 757, 763 (2 Cir. 1962).

3. Appellants' reliance on *Nuzzo v. Rederi A/S Wallenco, Stockholm, Sweden,* 304 F.2d 506 (2 Cir. 1962), is misplaced. There the space into which the plaintiff fell was on the periphery of the stowed planks where workmen were not likely to be walking—not an open space in the middle of the stowage, as here. Moreover, the evidence in *Nuzzo* established that the stow had been done properly. Under those circumstances, we held that there was insufficient evidence to support the finding of unseaworthiness.

4. Clearly, such improper stowage constituted a breach of ITO's warranty of workmanlike performance, thus entitling Deutsche to indemnification against ITO. *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.,* 350 U.S. 124 (1956).

5. Our recent decision in *Nye v. A/S D/S Svendborg,* 501 F.2d 376, 380 (2 Cir. 1974), cert. denied, 420 U.S. 964 (1975), is not to the contrary. There we observed that "[t]he principles set forth in cases dealing with a stevedore's implied warranty of workmanlike performance are not applicable in this case".

(2 Cir.), *cert. denied,* 400 U.S. 852 (1970), and *McLaughlin v. Trelleborgs Angfartygs A/B,* 408 F.2d 1334, 1337 (2 Cir.), *cert. denied,* 395 U.S. 946 (1969).

 Moreover, contrary to Court Carpentry's assertion, no proof is required that the employer failed to correct a hazard or to prevent its employees from exposing themselves to a danger of which it had imputed knowledge. The warranty of workmanlike performance includes the furnishing of personnel who will not injure themselves. *McLaughlin v. Trelleborgs Angfartygs A/B, supra,* 408 F.2d at 1337.[6]

Affirmed.

---

**6.** We repeatedly have rejected appellants further argument that the grant of judgment in favor of the shipowner on its indemnity claim against the employer of an injured plaintiff deprives the employer of its right to jury trial under the Seventh Amendment. See, e. g., *McLaughlin, supra,* 408 F.2d at 1337–38; *Hartnett, supra,* 421 F.2d at 1017–18. Liability is imposed as a matter of law on the employer of a contributorily negligent plaintiff once the jury has made its finding of contributory negligence. Since the dispositive issue is that of contributory negligence which is left to the jury, there is no usurpation of the jury's function.